**TRINITY MOTORS, INC., Plaintiff-Appellant, v. BLASIO and THE BERTOLINI BROTHERS CO., Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3541. Decided November 13, 1952.

Theodore T. Macejko, Youngstown, for plaintiff-appellant.

Ralph R. Thombs, Youngstown, for defendant-appellee, Alex De Blasio.

Robert Hammond, Youngstown, for defendant-appellee, The Bertolini Bros. Co.

## OPINION

By PHILLIPS, J.

Plaintiff, a corporation, appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon a verdict of the jury returned for the defendants-contractors in plaintiff's action filed against them in the court of common pleas to recover

damages for faulty construction of a marble facing on the building rented, occupied, and subsequently purchased by them in the city of Youngstown, Ohio, which defendants agreed in writing to perform for them, and which plaintiff contends was not performed in a workmanlike manner.

The case was not properly appealed as one on questions of law and fact. Defendants' motions to dismiss the appeal as such were sustained. The words "and fact" were stricken from plaintiff's notice of appeal, and it appearing that a bill of exceptions was filed the appeal was retained, argued, and will be determined as one on questions of law.

By assignments of error plaintiff contends:—

"1. That the verdict and judgment are contrary to law.

"2. That the verdict of the jury was rendered as a result of passion or prejudice, or both.

"3. That the verdict of the jury was against the manifest weight of the evidence.

"4. For error committed by the trial court in the submission of certain interrogatories.

"5. That the court erred in the rejection of evidence to which exceptions were duly taken at the time.

"6. For error on the part of the trial court in his general charge to the jury.

"7. For other errors appearing in the record to which exceptions were taken at the time.

"8. For failure of the trial court to sustain plaintiff appellant's motion for a new trial."

By brief counsel for plaintiff states:—

"This appeal follows or it will be sustained upon this one major point, namely: The record discloses that certain expert testimony was introduced by the plaintiff-appellant in this case and it was corroborated to the end that the work performed by both of the defendants was deficient in that they failed to install the marble front in a workmanlike manner."

There is evidence that the defendant, Bertolini Brothers Co., a corporation, installed the marble without waiting for the weather-stripping or flashing to be erected against the old building wall; that "the marble installation was defective by reason of the fact that said joints were allowed to remain open," allegedly allowing water to loosen the cement holding such marble.

Likewise there is evidence that upon complaint by plaintiff De Blasio repaired what, he testified, he considered minor defects in the work.

The evidence upon which plaintiff relies, and which need not be quoted here in order to determine the questions submitted to us, conflicts with the evidence offered by the defendants, thus clearly presenting a question for the determination of the jury, the conclusion of which body we cannot interfere with on the ground alleged that it is not supported by the evidence nor contrary thereto nor to law as urged by the plaintiffs, the only errors upon which they rely.

Reading the record in its entirety we cannot conclude that the

verdict of the jury nor judgment entered thereon are contrary to law, nor that the trial judge erred to the plaintiff's prejudice in overruling his motion for a new trial.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.